**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LYNDON JONES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION** |
| | § | **NO. _____** |
| **ALLSTATE INSURANCE COMPANY,** | § | |
| **ET AL.** | § | |
| | § | |
| **Defendants.** | § | |

---

**DEFENDANT ALLSTATE INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

---

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. Sections 1441 and 1446, Defendant Allstate Insurance Company ("Allstate") in Cause No. CV08608, pending in the County Court at Law of Erath County, Texas, files this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Fort Worth Division, on the basis that federal diversity jurisdiction exists, and in support thereof, Allstate respectfully shows this Court as follows:

**I.**
**PROCEDURAL BACKGROUND**

1.1     On April 27, 2017, Plaintiff Lyndon Jones ("Plaintiff") filed his Original Petition Expedited Action Under TRCP 169 in the matter styled *Lyndon Jones v. Allstate Insurance Company and Ken Davis,* Cause No. CV08608; in the County Court at Law of Erath County, Texas, in which Plaintiff asserts Defendants failed to properly adjust his claim for damages to his property under his commercial property insurance policy issued by Defendant, Allstate Insurance

Company ("Allstate").  In addition, Plaintiff also asserted claims against both Defendants under the Texas Insurance Code and Texas Deceptive Trade Practices Act.  Plaintiff, however, failed to provide either Defendant with a pre-suit notice letter explaining the nature of his dispute and identifying his claimed damages as is required by both the Texas Insurance Code and Texas Deceptive Trade Practices Act ("DTPA").

    1.2    Plaintiff served the registered agent for Allstate with the citation and Plaintiff's Original Petition Expedited Action Under TRCP 169 on June 26, 2017.  After appearing in the suit, Allstate filed a Plea in Abatement due to Plaintiff's failure to provide the required pre-suit notice of his claims, and requested that the case be abated until 60 days after Plaintiff complied with the notice requirements of the Insurance Code and DTPA.  Because there had been no pre-suit notice letter and Plaintiff's Petition only alleged that it sought "monetary relief less than $100,000.00", it was unclear whether the amount in controversy requirement for diversity jurisdiction would be satisfied.  Accordingly, counsel for Allstate wrote to Plaintiff's counsel to inquire as to whether Plaintiff intended to seek more than $75,000.00 or whether he would stipulate that the amount in controversy was less than $75,000.00.  *See* Email from Defendant's counsel to Plaintiff's counsel dated August 23, 2017 attached as Exhibit "3".  Allstate did not receive any direct response to this request.

    1.3    The independent adjuster who conducted inspections of Plaintiff's property and wrote estimates for the claimed damages is an employee of Pilot Catastrophe Services, Inc. ("Pilot"), and is named Samuel Kenneth Davis, but he goes by Ken Davis.  On September 5, 2017, Plaintiff apparently served a copy of the Citation and Plaintiff's Original Petition Expedited Action Under TRCP 169 to another man named Ken Davis, who works at an Allstate

insurance agency in Arlington, Texas (Sampson Financial Services, Inc.), but who never had any role in issuing or selling insurance to Plaintiff or participated in the handling of Plaintiff's claim with Allstate. *See* Exhibit "2C". Accordingly, it appears the person named Ken Davis that was served with the suit papers, should not be a party to the suit because he had nothing to do with the issuance of Plaintiff's policy or the handling of his claim.

1.4     In response to receiving the suit papers, the improperly named insurance agent Ken Davis wrote to Plaintiff's counsel explaining that he was not a proper party and that he had apparently been incorrectly served with the suit. *See* Letter from Ken Davis at Sampson Financial Services, Inc. to Eric Dick dated September 5, 2017, attached as Exhibit "2G". As explained in Mr. Davis' letter, he is an Allstate insurance agent, not an adjuster, and he did not inspect Plaintiff's property or represent Plaintiff as an insurance agent. *Id.*

1.5     Rather than correcting the problem, Plaintiff instead filed a First Amended Petition on or about October 3, 2017 in which he expressly identified "Ken Davis" as the "Defendant Insurance Agent". *See* Exhibit "2H". Plaintiff's Amended Petition dropped the previous claims about the conduct of an adjuster named Ken Davis and instead alleged new, albeit extremely vague, claims relating to the conduct of the "Defendant Insurance Agent", in allegedly failing to procure sufficient insurance coverage and misrepresenting the coverage that was afforded by the policy. *Id.* at ¶¶32-36. As a result, Plaintiff is apparently no longer pursuing claims against the independent adjuster named Ken Davis who actually worked on Plaintiff's claim and is instead now pursuing claims against the insurance agent Ken Davis who had nothing to do with Plaintiff's claim or the issuance of Plaintiff's policy.

1.6     In light of the problems created by Plaintiff's decision to bring claims against the insurance agent Ken Davis and ongoing failure to provide the required statutory notice letter, Counsel for Allstate again wrote to Plaintiff's counsel on September 28, 2107 to request that he address the misidentified defendant issue and provide a proper notice letter setting forth the amount of claimed damages.

1.7     On October 26, 2017, Plaintiff's counsel finally served a notice letter on Allstate, in which Plaintiff asserted a claim for $98,139.67.   *See* October 26, 2017 Demand Letter attached as Exhibit "5".   To date, however, Plaintiff's live pleading includes claims against the insurance agent Ken Davis who had nothing to do with Plaintiff's claim, or the issuance of Plaintiff's policy.

1.8     Defendant files this Notice of Removal within the thirty-day time period required by 28 U. S. C. Section 1446(b)(3), since it is filed within 30 days after Defendant received the demand letter demonstrating that the amount in controversy for federal diversity jurisdiction is satisfied.

1.9     Attached hereto as Exhibit "1" is the Index of State Court Documents.  A Copy of the Erath County Clerk's file for this case is attached as Exhibit "2", which includes true and correct copies of all executed process, pleadings, and orders, and a copy of the docket sheet. Attached hereto as Exhibit "4", is the Business Owners Policy Declaration Page.

## II.
## BASIS FOR REMOVAL

2.1     As explained below, Allstate removes this case to federal court pursuant to 28 U.S.C. Sections 1332(a)(1), 1441(a), and 1446, because the requirements for federal diversity jurisdiction are satisfied.

### A.     THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP

2.2     Upon information and belief, and as plead in his Original Petition, Plaintiff Lyndon Jones is, and was at the time the lawsuit was filed, a resident of the State of Texas.  *See* Plaintiff's Original Petition Expedited Action Under TRCP 169 at p.2 attached as Exhibit "2A".

2.3     Defendant Allstate is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes.  Accordingly, Allstate is of diverse citizenship to Plaintiff.

2.4     Upon information and belief, the insurance agent Ken Davis was misidentified as a defendant in Plaintiff's Original Petition and again in Plaintiff's First Amended Petition.  As explained above, Plaintiff probably intended to sue the independent adjuster who actually inspected Plaintiff's claim and prepared an estimate of the observed damages, but Plaintiff erroneously served Ken Davis, an Allstate insurance agent with no connection to the subject matter of this lawsuit.  Because the materials on file as well as the documents attached to this Removal demonstrate that the insurance agent Ken Davis has no connection with Plaintiff or the claim made the basis of this lawsuit, the Texas citizenship of insurance agent Ken Davis should be disregarded for the purposes of evaluating diversity in the matter.

2.5     Moreover, even if Plaintiff had properly served the independent adjuster Ken Davis with Plaintiff's Original Petition, he would have also been improperly since the against the

adjuster defendant Ken Davis set forth in the Original Petition failed to state a plausible claim against Davis under the applicable federal pleading standard.[1]   Therefore, as explained below, the Court should also reject any attempt by Plaintiff to re-assert claims against the independent adjuster Ken Davis, and disregard his citizenship for the purposes of evaluating diversity in this matter.

### B.      APPLICABLE STANDARD FOR IMPROPER JOINDER

2.6      The doctrine of fraudulent joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co*., 589 F.3d 168, 171 (5th Cir. 2009).   The removing party bears the burden of demonstrating improper joinder.   *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)).

2.7      The Fifth Circuit has explained that a removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court."   *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc).   Under the second prong, the test for improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to *recover* against an in-state defendant."   *Id.* at 573 (emphasis added).   The Fifth Circuit's *en banc* decision in *Smallwood* unequivocally adopted this phrasing as the test for fraudulent joinder. *Id.*   ("To

---

[1] The independent adjuster Ken Davis, who is an employee of Pilot Catastrophe Services, Inc. and who was retained by Allstate inspect Plaintiff's property and prepare an estimate of damages, has not been served to date.  *See* Exhibit 2.

reduce possible confusion, we adopt this phrasing of the required proof *and reject all others*, whether the other appear to describe the same standard or not.") (emphasis added).

2.8    A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways.  *Id.*  "'The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., No. 14-20552, 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) (quoting Smallwood, 385 F.3d at 573).   The jurisdictional facts that support removal must be judged at the time of the removal.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).   The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994).

2.9    If a court chooses to apply the 12(b)(6) analysis, then it will initially look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.   In *International Energy Ventures Management, L.L.C. v. United Energy Group*, the Fifth Circuit confirmed that the court must "apply the federal pleading standard embodied in that analysis", when evaluating whether Plaintiff's pleadings state a plausible claim under state law against the non-diverse defendant. *Id.* at *8.

2.10    According to the federal pleading standard, "[a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at *3 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (U.S. 2007). The Court need not credit naked conclusory allegations or "a

formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). And "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")). "When the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged", then the claim has facial plausibility. *Iqbal*, 556 U.S. at 663.

## C.   INSURANCE AGENT KEN DAVIS IS NOT A PROPER PARTY TO THIS LAWSUIT AND SHOULD BE DISMISSED

2.11    As explained above, the currently named Defendant Ken Davis is not a proper party to this lawsuit and had absolutely nothing to do with Plaintiff's claim or with the sale of Plaintiff's insurance policy. A summary inquiry into the undisputed facts will demonstrate that Plaintiff's policy was issued by the Walker Insurance Agency in Dublin, Texas, not at Sampson Financial Services, Inc. in Arlington, Texas where the insurance agent Ken Davis works. *See* Declaration Pages of Plaintiff's Allstate Policy issued by Walker Insurance Agency, attached hereto as Exhibit "4". Likewise, the insurance agent Ken Davis' correspondence to Plaintiff's counsel confirms he had nothing to do with Plaintiff's claim. Exhibit "2G". Accordingly, it is Allstate's position that Plaintiff's live pleading, the Amended Petition, cannot state a plausible claim against the insurance agent Ken Davis, and there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against the insurance agent Ken Davis in this lawsuit. Accordingly, the Court should find that Defendant Ken Davis has been improperly

joined, disregard Ken Davis' Texas citizenship in determining that complete diversity exists among the proper parties, and dismiss him from this lawsuit with prejudice.

### D.   THE INDEPENDENT ADJUSTER KEN DAVIS WOULD ALSO HAVE BEEN IMPROPERLY JOINED UNDER THE ALLEGATIONS CONTAINED IN THE ORIGINAL PETITION

2.12    Even if Plaintiff had properly served Pilot adjuster Ken Davis with the Plaintiff's Original Petition, the claims against the insurance adjuster defendant set forth in that previous pleading failed to state a plausible claim against Davis under the Texas Insurance Code.[2] Accordingly, as explained in more detail below, Plaintiff cannot destroy jurisdiction by referring to the insufficient allegations against the insurance agent defendant set forth in the Original Petition.

2.13    The undisputed facts demonstrate that Plaintiff reported this claim on April 26, 2015 and that Allstate hired the independent adjuster Ken Davis from the independent adjusting company, Pilot, to inspect the property and prepare an estimate for Allstate.   Ken Davis inspected the property on May 4, 2015 – one week after the claim was reported. At the inspection, Ken Davis identified and photographed storm-related damage to the exterior and interior of the property.   Exhibit "6".   Ken Davis then prepared an estimate for the damages he identified during his inspection and provided the estimate and photos to Allstate.   Ken Davis never made any representations to Plaintiff as to what would be covered under the insurance policy.   After Ken Davis' inspection, due to Plaintiff's insistence that the water damage to the second floor of the property was attributable to the hail damage to the roof, Allstate determined that further evaluation of the property by an engineer was needed before it could make a

---

[2] In addition, the claims from the previous Petition are also not relevant to the jurisdictional inquiry because it is not the live pleading at the time of removal.

coverage determination.   Accordingly, Allstate retained an independent professional engineer, Steven R. Smith, P.E., to inspect and investigate the scope of storm damage and the cause of the damages.  Exhibit "7".  After receiving the conclusions of the independent professional engineer, Allstate, not Ken Davis, advised Plaintiff that certain damages were covered under the policy and that coverage exclusions precluded coverage for the claimed interior damages.   Again, these undisputable facts demonstrate that Plaintiff's Original Petition's generic allegations that Ken Davis "misrepresented that Plaintiff's damages were … not covered under the policy" or "failed to explain to Plaintiff the reason for inadequate settlement" are untrue and inapplicable to Ken Davis, since Ken Davis was not responsible for providing coverage opinions and clearly did not. *See* Ex. "2A" at ¶ 54-57.

2.14    Not only do the facts of this insurance claim demonstrate that Ken Davis did not make any representations about insurance coverage or policy language to Plaintiff, but Plaintiff's Original Petition also fails to articulate how the conduct of Ken Davis constitutes a plausible cause of action against him under the Texas Insurance Code.  *See McClelland v. Chubb Lloyd's Ins. Co. of Tex., et al.*, 2016 WL 5791206, at *3 (W.D. Tex. Sept. 30, 2016) ("Plaintiff has failed to allege, however, that defendant Pritchard had authority to settle plaintiff's claim, and therefore cannot establish this cause of action against defendant Pritchard").  Plaintiff's generic allegations about the undifferentiated conduct of "Defendant Insurance Company and Defendant Insurance Adjuster" set forth in Count 3 of Plaintiff's Original Petition fail to provide any facts capable of stating a plausible claim against Ken Davis under Federal pleading standards.  *See* Original Petition attached hereto as Exhibit "2A" at ¶¶44-48.

2.15   "[M]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant". *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014) (citing *Studer v. State Farm Lloyds*, 2014 WL 234352, at *4).   Accordingly, the Court should give no effect to Plaintiff's generic global allegations directed collectively toward both Defendants, and should conclude that such allegations fail to state an actionable claim with respect to Pilot adjuster Ken Davis and do not support his joinder as a defendant in this case.

2.16   Furthermore, as explained by the court in *Plascencia*, the other allegations against Ken Davis in the present matter are also insufficient because they are too conclusory to demonstrate a plausible right to relief. *See* generally Exhibit "2A".   Like the generic allegations against Ken Davis set forth in Plaintiff's Original Petition in this lawsuit, the only specific allegations in against adjuster Feliciano Gallegos in *Plascencia* were as follows:

> Defendant Gallegos improperly adjusted the Plaintiff's claim.   Defendant Gallegos conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's damages.   His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home.   Without limitation, Gallegos misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy. Gallegos made these and other misrepresentations to Plaintiff as well as to State Farm. Plaintiff and State Farm both relied on Gallegos's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance.   Gallegos's misrepresentations caused State Farm to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property.   This has caused additional, further damage to Plaintiff's property.

*Id.* at p. 4.

2.17   The court in *Plascencia* concluded that these allegations are mere conclusory allegations that lack the factual specificity that would enable the court to infer that plaintiff has a

plausible right of relief against the adjuster defendant.  Because the "factual" allegations against

Pilot adjuster Ken Davis in the previous Original Petition are nearly identical and therefore

equally vague and conclusory, the Court would have been correct to conclude that the adjuster

Ken Davis was improperly joined had the Original Petition remained in place as the live pleading

at the time of removal because Plaintiff's allegations against the adjuster Davis fail to establish a

plausible right to recover against him.  *Id. see also Weldon Contractors, Ltd. v. Fireman's Fund

Ins. Co*., No. 4:09-cv-165-A, 2009 WL 1437837 at *4 (N.D. Tex. May 22, 2009) (finding factual

allegations against an individual adjuster were insufficient); *Jones v. Allstate Ins. Co.*, No. 3:13-

cv-4027-BN, 2014 WL 415951 (N.D. Tex. Feb. 4, 2014) (finding improper joinder because

"simply stating that 'Defendants' made misrepresentations, failed to comply with the law, or

refused to perform a duty under the law is not sufficient"); *Messersmith v. Nationwide Mut. Fire

Ins. Co.*, 3:13-cv-4101-P, 2014 WL 1347872 (N.D. Tex. Apr. 7, 2014) (allegations of

misrepresentations about the facts giving rise to a claim were not sufficient to state claim for

violations of the Texas Insurance Code).

2.18    Plaintiff's allegations against the adjuster Ken Davis in the Original Petition for

violations of the Texas Insurance Code also fail to demonstrate a reasonable basis to recover

against him because Plaintiff fails to allege that Pilot adjuster Ken Davis alleged

misrepresentations related to the "coverage at issue" or the details of Plaintiff's insurance policy

with Allstate.  As explained by Judge Sidney Fitzwater of the United States District Court for the

Northern District of Texas in *One Way Investments, Inc. v. Century Surety Company, et al*., No.

3:14-cv-2839-D (N.D. Tex. Dec. 11, 2014), the type of allegations alleged against Pilot adjuster

Ken Davis, all of which must relate to his inspection and submission of an estimate of storm

damage (since that is all Ken Davis did), are not actionable under the Texas Insurance Code because they do not relate to misrepresentations about coverage provided by the terms of the policy.[3]

2.19    Like this case, *One Way* involved a dispute over wind and hail damage to One Way's property. *Id.* at *1.   Like the present matter, Century Surety Company, as One Way's commercial property insurer, assigned VeriClaim as the independent adjusting company to inspect the property and VeriClaim assigned Mattoni as the field adjuster. *Id.*   After a dispute arose over the scope of damages, One Way, filed suit against Century, VeriClaim, and Mattoni claiming the defendants misrepresented the damage to the property and committed various violations of the Texas Insurance Code. *Id.* at *2.

2.20    As Plaintiff alleged in his Original Petition with respect to Pilot adjuster Ken Davis in this case, *One Way* alleged that the non-diverse independent adjuster Mattoni failed to conduct a reasonable investigation and substantially underestimated and underestimated the damages. *Id.* at p. 7.   The court considered whether such allegations could support a claim under the sections of the Texas Insurance Code identified in One Way's state court petition and concluded they could not.

2.21    The conclusions reached by the courts in *One Way* and *Plascencia* are not isolated holdings either.   Rather, there is a growing body of authority from other federal courts in Texas, also finding improper joinder of adjusters where the factual allegations against them fail to fit the criteria for an actionable claim under the Texas Insurance Code. *See*, *e.g.*, *See McClelland v. Chubb Lloyd's Ins. Co. of Tex., et al.*, 2016 WL 5791206, at *3 (W.D. Tex. Sept.

---

[3] *See* Exhibit "6".

30, 2016) (denying motion to remand and granting independent adjuster's motion to dismiss based on improper joinder); *Slabaugh v. Allstate Insurance Company*, No. 4:15-cv-115, 2015 WL 4046250 (E.D. Tex. June 30, 2015) (holding that while "it is undisputed that [the adjuster] inspected the property and provided Mount Vernon Fire  with an estimation of damages.  There are no allegations that [the adjuster] misrepresented the coverage in any way or that Plaintiff relied on any misrepresentations to her detriment."); *Davis v. Allstate Ins. Co. of Texas*, No. 4:14-cv-957-A, 2015 WL 456726 (N.D. Tex. Feb. 3, 2015); *Rodriguez v. Allstate Ins. Co. of Texas*; No. 5:15-cv-143-C, in the United States District Court for the Northern District of Texas, Lubbock Division; *Dalton v. State Farm Lloyds*, No. H-12-3004, 2013 WL 3157532, at *19 (S.D. Tex. June 19, 2013); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co*., No. 1:07-cv-988, 2008 WL 4533729 at *6 (E.D. Tex. Sept. 29, 2008); *Broadway v. Brewer*, No. 4:08-cv-475, 2009 WL 1445449 at *3 (E.D. Tex. May 21, 2009); *Okenkpu v. Allstate Tex. Lloyds*, No. H-11-2376, 2012 WL 1038678 (S.D. Tex. Mar. 27, 2012); *Gonzalez v. Homeland Ins. Co. of NY*, No. H-11-123, 2011 WL 3104104 (S.D. Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, No. H-10-4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011); *Glen Willows Apartments v. Lexington Ins. Co.*, No. H-10-2095, 2011 WL 1044206 (S.D. Tex. Mar. 16, 2011); *Centro Cristiano Cosecha Final*, No. H-10-1846, 2011 WL 240335 at *14 (S.D. Tex. Jan. 20, 2011); *Jimenez et al., v. Travelers Idem. Co., et al.,* No. H-09-1308, 2010 WL 1257802 (S.D. Tex. Mar. 20, 2010); *Studer v. State Farm Lloyds*, No. 4:13-cv-413, 2014 WL 234352 (S.D. Tex. Jan. 21, 2014); *Marquez v. Allstate Texas Lloyds*, No. H-13-3644, 2014 WL 710952 (S.D. Tex. Feb. 24, 2014); *Nasti v. State Farm Lloyds*, No. 4:13-cv-1413, 2014 WL 710458 (S.D. Tex. Feb. 19, 2014) (where petition alleged that adjuster

inspected subject property and submitted an undervalued estimate to insurer "the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster"); *Van Tassel v. State Farm Lloyds*, No. 4:12-cv-3711, 2013 WL 5152324 (S.D. Tex. Sept. 11, 2013) (allegations that an inspector conducted a substandard investigation that led to an underpayment of claims found to be indistinguishable from claims against the insurer).

2.22    These courts have consistently found improper joinder and declined to remand cases where, as in Plaintiff's Original Petition, the allegations against the adjuster were minimal, and only related to independent adjuster's determination of the scope of damage, not the application of insurance coverage. *See, e.g., Dalton*, 2013 WL 3157532, at *19.  Accordingly, because Plaintiff's claims against the adjuster Ken Davis in his Original Petition are nearly identical to the generic and conclusory claims in the authorities referenced above, and because the allegations simply cannot withstand scrutiny under Federal law, the Court should conclude, as other courts have done in virtually identical circumstances before, that the adjuster Ken Davis would have also been improperly joined.

2.23    Furthermore, Texas federal district courts have also consistently held that "[c]laims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of [Federal Rule] Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (applying Rule 9(b) "to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud."); *see also Weidner v. Nationwide Prop. & Cas. Ins. Co.*, No. 4:13-cv-263, 2014 WL 8397281, at

*5 (E.D. Tex. June 6, 2014) adopted in 2014 WL 8494527 (E.D. Tex. Aug. 19, 2014); *Atl. Cas. Ins. Co. v. Primelending, A Plainscapital Co.*, No. 3:15-cv-1475-D, 2016 WL 1322235, at *2 (N.D. Tex. Apr. 5, 2016); *Bige, Inc. v. Penn-Am. Ins. Co.*, No. 1-15-cv-292 RP, 2015 WL 5227726, at *4 (W.D. Tex. Sept. 8, 2015) ("Texas district courts, however, consistently apply Rule 9(b)'s requirements to claims under the Texas Insurance Code and DTPA.").  Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading standard, which requires that plaintiffs "state with particularity the circumstances constituting fraud . . . " Fed. R. Civ. P. 9(b).  "At a minimum, [this] requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (citing *United States ex. Rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).  "The court's key concern in assessing a complaint under Rule 9(b) is to determine whether the plaintiff seeks to redress specific wrongs or whether the plaintiff instead seeks the opportunity to search out actionable wrongs".  *Atl. Cas. Ins. Co. v. Primelending, A Plainscapital Co.*, No. 3:15-cv-1475-D, 2016 WL 1322235, at *3 (N.D. Tex. Apr. 5, 2016).

2.24    Here, Plaintiff alleged in his Original Petition that Ken Davis "knowingly" engaged in a laundry list of unfair claims settlement practices under the Insurance Code and violated the DTPA.[4]  Ex. "2A" ¶ 46.  These allegations are nothing more than threadbare recitals of statutory language, supported by mere conclusory allegations, and Plaintiff does not specify

---

[4]  Under Texas law, a defendant commits a knowing violation of the Insurance Code or DTPA when, at the time of the act or practice complained of, he acts with actual awareness of the falsity, deception, or unfairness of the act or practice. *See Brown and Brown v. Omni Metals, Inc.*, 317 S.W.3d 361, 395 (Tex. App.-Houston [1st Dist.] 2010, pet. denied.

**DEFENDANT ALLSTATE INSURANCE COMPANY'S NOTICE OF REMOVAL**                    **Page 16**

when the alleged knowing representations were made, where the representations were made, and in what context they were made.  Plaintiff's Original Petition fails to state when, where, and how the adjuster Ken Davis knowingly violated the Texas Insurance Code and knowingly violated the DTPA.  Thus, Plaintiff does not specify any of the particulars that Rule 9(b) requires, and the claims set forth against the adjuster defendant Ken Davis in the Original Petition cannot survive.

2.25   For these reasons, although Allstate contends that the current Amended Petition makes no claims against the adjuster defendant Ken Davis and that the court need not consider him when determining the diversity of citizenship among the parties, it is also clear that had Plaintiff maintained his original claims against the adjuster Ken Davis from the Original Petition, the adjuster would be improperly joined for the sole purpose of preventing the exercise of diversity jurisdiction over this case.  Therefore, the court should also disregard the adjuster Ken Davis's Texas citizenship and find that there is diversity of citizenship between the proper parties.

### D.   THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION

2.26   The amount of controversy requirement for federal diversity jurisdiction is clearly satisfied in this case as evidenced by Plaintiff's demand letter, in which Plaintiff expressly alleges that he seeks monetary relief in the amount of $98,139.67. Ex. "5".  This amount exceeds the jurisdictional requirements for subject matter jurisdiction and demonstrates that the amount in controversy is satisfied.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1     On October 26, 2017, Allstate received Plaintiff's demand letter which provided, for the first time, a clear indication that Plaintiff intended to pursue damages in excess of the amount in controversy requirement for diversity jurisdiction. *Id.*   Prior to Plaintiff's demand letter, both Plaintiff's Original Petition and First Amended Petition ambiguously pled damages "less than $100,000 or less". *See* Ex. "2A"at ¶ 7 & Ex. "2H"at ¶ 6. Since Plaintiff had also failed to provide Allstate with a pre-suit notice of Plaintiff's claims and damages as required by the Texas Insurance Code, Allstate did not have an accurate estimate of the damages Plaintiff sought in this case.  As a result, on August 30, 2017, Allstate filed its Plea in Abatement, requesting abatement of the proceedings until Plaintiff had complied with the Insurance Code's pre-suit notice requirements. On October 26, 2017, Plaintiff sent Allstate his demand letter in compliance with the Insurance Code, clarifying the amount of damages that he seeks in this case.  *See* Ex "5".  As a result, Allstate now files this Notice within 30-days of receiving Plaintiff's demand letter, which satisfies the amount in controversy requirement for diversity jurisdiction.

3.2     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Erath County Clerk, promptly after Defendant files this Notice.

## IV.
## DOCUMENTS AND EXHIBITS ACCOMPANYING REMOVAL

4.1     Simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit "1" is an index of all documents filed in the state court action and a copy of each document.

4.2     Attached hereto as Exhibit "2" is a copy of the Docket Sheet of the case pending in County Civil Court at Law of Erath County, Texas.

4.2A    Attached hereto as Exhibit "2A" is a copy of Plaintiff's Original Petition Expedited Action Under TRCP 169.

4.2B    Attached hereto as Exhibit 2B is a copy of Citation issued to Allstate Insurance Company with an Affidavit of Service showing Allstate was served on June 26, 2017.

4.2C    Attached hereto as Exhibit 2C is a copy of Citation issued to Ken Davis with an Affidavit of Service showing Davis was served on September 5, 2017.

4.2D    Attached hereto as Exhibit 2D is a copy of Defendant's Original Answer.

4.2E    Attached hereto as Exhibit 2E is a copy of Defendant's Verified Plea in Abatement.

4.2F    Attached hereto as Exhibit 2F is a copy of Plaintiff's Verified Response to Defendant's Motion to Abate.

4.2G    Attached hereto as Exhibit 2G is a copy of a letter from Ken Davis to Eric Dick.

4.2H    Attached hereto as Exhibit 2H is a copy of Plaintiff's First Amended Petition Expedited Action Under TRCP 169.

4.2I    Attached hereto as Exhibit 2I is a copy of Notice of Hearing.

4.3    Attached herto as Exhibit "3" email from Defendant's counsel to Plaintiff's counsel dated August 23, 2017/

4.4    Attached as Exhibit "4" is a copy of the Declaration pages of Plaintiff's Business owners' Policy.

4.5    Attached as Exhibit "5" is a copy of the October 26, 2017 Demand letter.

4.6    Attached as Exhibit "6" is a copy of the May 4, 2015 Estimate and Photographs.

4.7    Attached as Exhibit "7" is a copy of the Haag Inspection Report.

## V.
## CONCLUSION

5.1    Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant, Allstate Insurance Company, hereby removes this case to this court for trial and determination.

Respectfully submitted,

*/s/Daniel P. Buechler*
Daniel P. Buechler
State Bar No. 24047756
Roy Mathews
State Bar No. 24083459

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  dbuechler@thompsoncoe.com
Email:  rmathews@thompsoncoe.com

**ATTORNEY FOR DEFENDANT
ALLSTATE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2017, I served the following document on counsel for Plaintiff by electronic notification and U.S. Mail, Certified Mail, Return Receipt Requested:

Eric B. Dick, LL.M.
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
*Attorney for Plaintiff*

*/s/Daniel P. Buechler*
Daniel P. Buechler